**Pierce Bainbridge Beck Price & Hecht LLP**
Brian J. Dunne (SBN 275689)
355 S. Grand Ave., 44th Floor
Los Angeles, California 90071
Tel: (213) 262-9333
bdunne@piercebainbridge.com

**Pierce Bainbridge Beck Price & Hecht LLP**
Theodore J. Folkman (*pro hac vice*)
One Liberty Square
Boston, MA 02109
(617) 313-7401
tfolkman@piercebainbridge.com

**Pierce Bainbridge Beck Price & Hecht LLP**
Minyao Wang (*pro hac vice*)
277 Park Ave., 45th Floor
New York, NY 10172
(212) 484-9866
mwang@piercebainbridge.com

**Weil, Gotshal & Manges LLP**
Edward R. Reines (SBN 135960)
edward.reines@weil.com
Derek C. Walter (SBN 246322)
derek.walter@weil.com
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000

*Attorneys for Applicant Illumina Cambridge Ltd.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re APPLICATION OF ILLUMINA CAMBRIDGE LTD. for issuance of subpoenas under 28 U.S.C. § 1782 | Civ. A. No.: 3:19-mc-80215-WHO (TSH)<br><br>**Applicant Illumina Cambridge Ltd.'s Surreply To Respondents' Motion To Vacate Or Limit Subpoenas**<br><br>Hearing Date: February 13, 2020<br>Time: 10:00am<br>Location: Courtroom A<br>15th Floor |

**Applicant's Surreply To Respondents' Motion To Vacate Or Limit Subpoenas**

This surreply addresses the Respondents' last-minute argument that while Complete Genomics, Inc. ("CGI") was the parent of MGI Tech Co., Ltd. ("MGI Tech") when this action was filed, a corporate reorganization after the Respondents were put on notice of the subpoenas supposedly reversed the parent-subsidiary relationship and deprived CGI of control over MGI Tech's documents that CGI had as the corporate parent. This argument is a transparent attempt to avoid producing evidence of BGI Group's infringement. The Court should resoundingly reject it.

The Respondents claim that the change in corporate relationships resulted from a share purchase agreement. Yet they fail to submit any evidence of the purported transaction or of the supposed loss of control of MGI Tech's documents—they have not even submitted the stock purchase agreement they reference. The Respondents' say-so is insufficient given the highly suspicious circumstances of the alleged transaction.

On July 29, 2019, in the related patent infringement pending in this Court, MGI Tech certified under Fed. R. Civ. P. 7.1 and Civil Local Rule 3-15 that it was a wholly-owned indirect subsidiary of CGI. (*See* ECF 30-1 Ex. D).[1] MGI Tech's self-serving and belated amendment of its certification in that case adds nothing to its insufficient arguments in this case to evade discovery.

It is undisputed that the Respondents received copies of the proposed subpoenas in early September 2019, more than a month before the supposed corporate reorganization took place. But the Respondents do not explain what steps they took to ensure that the documents which they knew were the subject of this proceeding would remain in CGI's control, or indeed, whether they took any steps. The Respondents had a duty to preserve the relevant documents when they

---

[1] For reasons that they have not explained, none of the Respondents has filed a certification in this proceeding, even though Rule 3-15 requires one "[u]pon making a first appearance in *any proceeding* in this Court." L.R. 3-15(a) (emphasis supplied).

1
**Applicant's Surreply To Respondents' Motion To Vacate Or Limit Subpoenas**

were on notice of possible litigation. *See In re NTL, Inc. Secs. Litig.*, 244 F.R.D. 179, 195-98 (S.D.N.Y. 2007) (where bankruptcy resulted in two new entities, one of which was the defendant's successor in interest and the other received the assets and the relevant documents, and where the second entity later destroyed the documents, the court held that the defendant should have retained copies of the documents); *Centimark Corp. v. Pegnato & Pegnato Roof Management, Inc.*, 2008 WL 1995305, at *4-8 (W.D. Pa. May 6, 2008) (holding that a seller had relevant documents in its control even though it transferred them during litigation to a buyer which then allegedly lost or destroyed them); *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 149 (S.D.N.Y. 1997) (a party "cannot be permitted to circumvent the rules of discovery by engaging in conduct during the litigation that eliminates its responsibility to produce responsive documents to an opposing party"). If the Respondents failed to ensure that the documents remained within the reach of a subpoena, their misconduct would be sanctionable. *In re NTL, Inc. Secs. Litig.*, 244 F.R.D. at 197 (a litigant must ensure continued access to documents by negotiating an appropriate clause in the asset purchase agreement or be deemed guilty of spoliation).

  A litigant on notice that its opponent seeks certain information cannot throw relevant evidence over the fence, even a very high fence, into a foreign country and then claim that the evidence is no longer within its control. The BGI Group is a large Chinese group of companies that includes the Respondents and other subsidiaries and that is engaged in litigation around the world with Illumina Cambridge. The Court should disregard its bad-faith efforts to deprive Illumina Cambridge of evidence relevant to the litigation through corporate shell games.

Dated: January 30, 2020      Respectfully submitted,

                ILLUMINA CAMBRIDGE LTD.

2

**Applicant's Surreply To Respondents' Motion To Vacate Or Limit Subpoenas**

By its attorneys:

/s/ Brian J. Dunne
Brian J. Dunne (CA Bar No. 275689)
PIERCE BAINBRIDGE BECK
PRICE & HECHT LLP
355 S. Grand Ave., 44th Floor
Los Angeles, CA 90071
(213) 262-9333
bdunne@piercebainbridge.com

Theodore J. Folkman (*pro hac vice*)
PIERCE BAINBRIDGE BECK
PRICE & HECHT LLP
One Liberty Square, 13th Flr.
Boston, MA 02109
(617) 313-7401
tfolkman@piercebainbridge.com

Minyao Wang (*pro hac vice*)
PIERCE BAINBRIDGE BECK
PRICE & HECHT LLP
277 Park Ave., 45th Floor
New York, NY 10172
(212) 484-9866
mwang@piercebainbridge.com

Edward R. Reines (CA Bar No. 135960)
Derek C. Walter (CA Bar No. 246322)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
edward.reines@weil.com
derek.walter@weil.com

3

**Applicant's Surreply To Respondents' Motion to Vacate Or Limit Subpoenas**