United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA CAMBRIDGE LTD, <br><br> Plaintiff, <br><br> v. <br><br> COMPLETE GENOMICS, INC., et al., <br><br> Defendants. | Case No. 19-mc-80215-WHO <br><br> **ORDER DENYING DEFENDANTS' MOTION TO VACATE** <br><br> Re: Dkt. No. 53 |

Plaintiff Illumina Cambridge ("Illumina") filed this action seeking discovery pursuant to 28 U.S.C. § 1782 from respondents Complete Genomics, Inc. ("CGI"), BGI Americas Corp. ("BGI"), and MGI Americas, Inc. ("MGI") (collectively, "respondents"). After Judge Hixson denied respondents' motion to quash Illumina's subpoenas for foreign discovery, respondents filed a motion to vacate. I find that, upon either a clear error review or de novo review, Judge Hixson's decision was correct. Respondents have failed to demonstrate that the first, third, and fourth factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) weigh in favor of quashing the subpoenas. Accordingly, I AFFIRM Judge Hixson's order denying respondents' motion to quash and DENY their motion to vacate.[1]

**BACKGROUND**

Respondents CGI, BGI, and MGI are all affiliates of the BGI Group, a multinational collection of companies focusing on several facets of biotechnology. Dkt. No. 53 at 3. Illumina is a subsidiary of Illumina, Inc. *Id.* Illumina and its affiliates and CGI and its affiliates are currently engaged in multinational patent litigation, including two cases pending before me in this district. *See* Case Nos. 19-cv-3770 (N.D. Cal.), 20-cv-1465 (N.D. Cal.). Respondent MGI is a separate

---

[1] This matter is appropriate for determination without oral argument pursuant to Civil Local Rule 7–1(b).

entity from MGI Tech Co., Ltd. ("MGI Tech"), a party in some of the foreign proceedings. *Id.* On October 14, 2019, the BGI Group underwent a corporate restructuring resulting in MGI Tech becoming the parent company of CGI; previously CGI was the parent of MGI Tech. Dkt. No. 42 at 13; Dkt. No. 53 at 3.

At issue in this matter are four cases pending in foreign jurisdictions, all brought by Illumina: (i) a case against MGI Tech and its subsidiary in Germany (the "German Action"), (ii) a case against MGI Tech's subsidiary in Switzerland (the "Swiss Action"), (iii) a case against a CGI affiliate, BGI Europe A/S, in Denmark (the "Danish Action"), and (iv) a case against a CGI distributor in Turkey (the "Turkish Action"). Dkt. No. 53 at 5-6.

Illumina filed an ex parte application in this court for discovery pursuant to 28 U.S.C. § 1782 on September 6, 2019. Dkt. No. 1. The discovery sought relates to sales of products by BGI Group entities in Denmark, Germany, Switzerland, and Turkey. Dkt. No. 1 at 12-13, 44-46, 77-79, 110-12. On November 7, 2019, Magistrate Judge Hixson granted Illumina's application. Dkt. No. 16. Respondents moved to vacate the application and quash or limit the subpoenas on December 2, 2019. Dkt. No. 17. Judge Hixson heard the matter on February 13, 2020, and denied respondents' motion to vacate on February 19, 2020. Dkt. Nos. 40, 42. Judge Hixson limited Illumina's subpoena to BGI Americas, and held that the respondents need not provide documents or information if they are controlled by different entities and they do not have control over them. Dkt. No. 42 at 17-18. On March 4, 2020, respondents filed a motion to vacate Judge Hixson's order. Dkt. No. 53. Illumina filed a response on March 18, and respondents filed a reply on March 30. Dkt. Nos. 56, 60.

**LEGAL STANDARD**

The parties disagree as to whether a magistrate judge's ruling on a Section 1782 application should be reviewed for clear error or de novo. The Ninth Circuit has not yet clearly ruled on this issue and courts have applied different standards, although most courts appear to apply the clear error standard. *See In re Khrapunov*, No. 17-mc-80107-HSG, 2018 WL 3609045, at *2 (N.D. Cal. July 27, 2018) (clear error standard is appropriate); *Application Pursuant to 28 U.S.C. §1782 by Nikon Corp. v. GlobalFoundries U.S., Inc.*, No. 17-mc-80071-BLF, 2017 WL

2

4647753, at *2-3 (N.D. Cal. Oct. 16, 2017) (applying clear error standard); *cf. Khrapunov v. Prosyankin*, 931 F.3d 922, 927, 931-34 (9th Cir. 2019) (Callahan, J., concurring) (stating that rulings on Section 1782 applications are dispositive and should be reviewed de novo); *Advanced Micro Devices v. Intel Corp.*, No. C 01-7033, 2004 WL 2282320, at *1 (N.D. Cal. Oct. 4, 2004) (reviewing application de novo). However, Illumina requests that I review Judge Hixson's decision under both standards as to avoid a "needless battle about the standard of review that cannot affect the outcome." Dkt. No. 56 at 5. I agree, and will review Illumina's application under both a de novo standard and a clear error standard.

## DISCUSSION

Section 1782 provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C.A. § 1782. "Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Prosyankin*, 931 F.3d at 925. Once those three statutory requirements are met, a district court has wide discretion to grant discovery under Section 1782. *Id.* at 926; *Intel*, 542 U.S. at 260-61.

In *Intel*, the Court set forth several factors to assist the district court in exercising its discretion. *Intel*, 542 U.S. at 264. "First, when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Id.* Second, courts consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Id.* Third, "a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265. Finally, "unduly intrusive or

burdensome requests may be rejected or trimmed." *Id.*

The parties do not dispute that the statutory prerequisites of Section 1782 are satisfied. *See* Dkt. No. 42 at 6. Instead, respondents argue that the first, third, and fourth *Intel* factors are not satisfied.[2] I address each in turn.

## I. FIRST INTEL FACTOR

Judge Hixson found that this factor favored Illumina because "Respondents are not parties to any of the foreign actions." Dkt. No. 42 at 6. Respondents take issue with this conclusion because MGI Tech is a party in the German Action, and MGI Tech's subsidiary is a party in the Swiss Action. Dkt. No. 53 at 11. But MGI Tech is not a respondent in this matter; MGI is.[3] The remaining two actions involve different parties altogether, with the Turkish action involving a party that is not an affiliate, but a distributor, of BGI Group. Accordingly, none of the respondents in this matter are participants in the foreign proceedings.

Respondents assert that the appropriate question for the first *Intel* factor is not whether they are parties to the foreign action but whether the evidence is available to the foreign tribunals. Dkt. No. 53 at 10. They assert that all information sought is in the control of the parties to the foreign proceedings since Illumina largely seeks information in the possession of MGI Tech and the discovery sought "relate[s] to the business activities of the defendants in the Foreign Tribunals." *Id.* at 11-12. Illumina acknowledges that this inquiry is relevant, but claims that the jurisdictions at issue here do not have effective pretrial discovery procedures and thus the evidence is not available. Dkt. No. 56 at 7-9.

Courts have held that "the first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity." *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at \*4 (N.D.

---

[2] Respondents have not challenged Judge Hixson's conclusion that the second *Intel* factor weighs in favor of upholding the subpoenas. Dkt. No. 42 at 7-9. Accordingly, this factor favors Illumina.

[3] In their reply to their first motion to vacate and/or quash, respondents state that both MGI and CGI are subsidiaries of MGI Tech. Dkt. No. 35 at 1. But when Illumina's application was filed, that was not the case. *Id.* At any rate, the entities themselves are not the same.

4

Cal. Mar. 24, 2016) (citations omitted). They also consider whether the foreign court can in fact order the discovery sought. *Id.* at *4.

Illumina has provided evidence that the discovery sought here may not be available in the foreign jurisdictions due to their discovery procedures. Dkt. No. 56 at 7-8. Respondents do not dispute this, although they argue that each of the foreign jurisdictions allows some discovery and would allow for production of relevant information. Dkt. No. 53 at 12-15. That the information sought may not be available in the foreign jurisdictions tends to make this factor neutral. *See In re IPCom GMBH & Co. KG*, No. 14-mc-80037-EJD-PSG, 2014 WL 12772090, at *2 (N.D. Cal. Apr. 10, 2014).

But the inquiry does not end there. I am not persuaded that the participants in the foreign actions would have the same information sought from the entities here. It may be true that some of the information sought is in the control of parties to the German and Swiss Actions because MGI Tech is a party to the German Action and is the parent of a party to the Swiss Action, and MGI Tech is currently the parent of MGI and CGI. However, the information sought is not within the control of the parties to the other two actions. With respect to the Turkish Action, there is no reason to conclude that the requested information would be in the control of a BGI Group distributor that is not a corporate affiliate. With respect to the Danish Action, the relevant party is BGI Europe A/S, which is an affiliate of the respondents, but is a separate entity. Again, there is no reason to conclude that it has control of the requested information.[4] Respondents have not explained how the information sought is within the control of these entities other than a conclusory statement that the information relates to their "business activities." Dkt. No. 53 at 12.

Because for half of the actions, the information is not discoverable from the participants, I find that the first *Intel* factor weighs in favor of Illumina's application.

## II. THIRD INTEL FACTOR

Respondents assert that the third *Intel* factor weighs in favor of quashing the subpoenas

---

[4] The Danish Action and the Turkish Action involve different patents than the German and Swiss Actions, Dkt. No. 53 at 5-6, and it is not clear that discovery obtained in one proceeding would necessarily relate to all of the proceedings.

5

because discovery is available in the foreign tribunals, but Illumina made no attempt to obtain discovery from these tribunals. Dkt. No. 53 at 12. Illumina does not dispute that it has not attempted discovery, or that discovery in the foreign tribunals may be more appropriate for certain of the information sought. Instead, it argues that it need not first seek discovery in the foreign tribunals; the relevant inquiry is whether foreign tribunals prohibit the evidence sought, which is not the case for any of the courts here. Dkt. No. 56 at 9-13.

As respondents acknowledge, "[e]xhaustion of discovery procedures in the foreign tribunal may not be required before a party may assert a Section 1782 claim." *In re Ex Parte Application of Samsung Elecs. Co., Ltd.*, No. 12-80275 LHK (PSG), 2013 WL 12335833, at *3 (N.D. Cal. Jan. 23, 2013); Dkt. No. 53 at 12-13. At the same time, "a perception that an applicant has 'side-stepped' less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013).

I do not find that Illumina's failure to attempt to obtain discovery in the foreign actions weighs in favor of denying its application. First, respondents' argument that Illumina is side-stepping foreign discovery procedures is based wholly on Illumina's failure to seek discovery in the foreign tribunals. Although it does appear that some of the discovery sought may have been more appropriately sought from the foreign tribunals, this factor alone cannot support quashing Illumina's discovery requests. *In re: Application of Joint Stock Co. Raiffeinsenbank*, No. 16-MC-80203-MEJ, 2016 WL 6474224, at *6 (N.D. Cal. Nov. 2, 2016) ("Seeking more discovery than Russian discovery procedures allow does not circumvent Russian law"); *Varian*, 2016 WL 1161568, at *5 ("while Varian provided little information about what efforts it has made to obtain the information it seeks through the Mannheim District Court, at this time, the Court finds this factor weighs in favor of granting Varian's application"); *In re IPCom*, 2014 WL 12772090, at *3 (applicant was "unaware of any restrictions on proof-gathering in Germany and points out U.S. courts have routinely granted applications under Section 1782 for discovery of evidence to be used in German proceedings").

Second, it was not unreasonable for Illumina to seek discovery in this matter. Illumina

6

1  seeks discovery related to four separate actions in different jurisdictions with different discovery
2  procedures and involving different parties. It has asserted different patents in some of these
3  actions. As discussed above, with respect to the Danish and Turkish Actions, it does not appear
4  that Illumina could obtain any of the requested information in those tribunals. Moreover, at the
5  time Illumina filed its application, CGI was the parent company of MGI Tech. Thus, Illumina
6  could reasonably conclude that CGI could have had relevant information that MGI Tech, its then-
7  subsidiary, did not possess. Thus, I find that there is no perception that Illumina filed its
8  application in an attempt to side-step foreign discovery procedure. Accordingly, this factor
9  weighs in favor of granting its application.

## III. FOURTH INTEL FACTOR

Respondents finally contend that the fourth *Intel* factor favors quashing Illumina's subpoenas because they are unduly burdensome and could lead to public disclosure of their confidential information. Dkt. No. 53 at 17. The parties agree that the burden inquiry is guided by Federal Rule of Civil Procedure 26.

Respondents first argue that they do not possess much of the requested information, and that it would be unduly burdensome to identify any documents that are responsive. Dkt. No. 53 at 17. Their argument is well-taken, and it does appear that one or more of the respondents in this matter will likely not have much responsive information. However, they fail to address Judge Hixson's limitation of the subpoenas and finding that they need not produce information that is maintained by other entities over which they have no control. Dkt. No. 42 at 17. After going through respondents' disclosures in the related patent cases in this district and declarations in support of its motion to quash, Judge Hixson stated that "Respondents' own disclosures and declarations, along with other evidence, suggest they have some of [the requested documents or information]" and required production of that information. *Id.* at 18. He also concluded that BGI Americas is likely to have limited information and quashed Requests 1 through 3. *Id.*

I agree with Judge Hixson that, to the extent any of the respondents possess responsive information, they must produce it. This is in accordance with the requirements of Rule 26 to produce information "regarding any nonprivileged matter that is relevant to any party's claim or

7

defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26. No respondent need produce non-responsive information, such as information that is beyond the temporal scope of the subpoenas or that relates to sales in countries not requested here, or information that it does not possess.

Respondents must also produce any information that they are able to access over "shared servers, databases, or drives having documents or information potentially responsive to IC's subpoenas." Dkt. No. 42 at 15. Respondents object that the shared servers are limited to their business in North and South America. Dkt. No. 53 at 19. To the extent that is true, they do not possess responsive information and therefore need not produce it. However, I agree with Judge Hixson that they were under an obligation to preserve potentially responsive documents since they were aware of Illumina's application in September 2019, notwithstanding their later corporate restructuring. Dkt. No. 42 at 15. As Judge Hixson stated, "[t]heir responsibility to produce documents and information in their possession didn't end just because CGI and MGI Tech swapped places after this § 1782 application was filed and Respondents were on notice of it." *Id.* at 18. Thus, respondents are obligated to produce any responsive documents that they controlled by virtue of their parent-subsidiary relationship with MGI Tech prior to October 2019.

Respondents' arguments focus on the fact that they purportedly do not have access to the requested information. Dkt. No. 53 at 18. They also dispute Judge Hixson's finding that the disclosures in the patent cases in this district describe documents that are responsive to the requests here, because the patent cases in this district relate to activity in the United States only. *Id.* at 18-19. To the extent that the loss of access results from respondents' corporate restructuring, I am not persuaded by their arguments. However, to the extent that the respondents do not possess responsive information, or to the extent that the information described in the patent disclosures is not responsive to the subpoenas here, they need not produce it.

Respondents also assert that it will be unduly burdensome to identify any relevant information that they do possess. Dkt. No. 53 at 19. However, in their motion they identify the categories of documents that they possess (while asserting that they do not maintain these documents and cannot attest to their current accuracy). *Id.* at 20-21. I am not persuaded by these

arguments on burden.

Finally, respondents assert that the foreign tribunals cannot protect their confidential information. Dkt. No. 53 at 21-24. They cite a single case, *In re Pioneer Corp. for an Order Permitting Issuance of Subpoenas to Take Discovery in a Foreign Proceeding*, that found that the discovery would be "unduly invasive of highly confidential third party information." No. MC 18-0037 UA (SS), 2018 WL 2146412, at *9 (C.D. Cal. May 9, 2018). Illumina responds that the parties negotiated a protective order that will provide reasonable protection for their alleged trade secret information. Dkt. No. 56 at 16-17. Illumina also cites numerous cases that have found that protective orders and foreign procedures can provide reasonable safeguards for confidential information. Dkt. No. 56 at 16-17; *see Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 917 (N.D. Cal. 2019) (finding that protective order entered into in Northern District of California is effective in preventing abuses in German proceedings and that German courts also have confidentiality protections).

I agree with Illumina. In any action seeking discovery pursuant to Section 1782, confidentiality concerns are likely to arise. To agree with respondents that these concerns weigh against issuing a subpoena would undermine the very purpose of the statute. The parties shall abide by the protective order entered into in this matter and Illumina shall cooperate in the foreign proceedings in order to maintain the confidentiality of respondents' sensitive information.

**CONCLUSION**

Because the above factors weigh in favor of granting Illumina's application, I find that upon a de novo review, respondents' motion to vacate is DENIED. In addition, Judge Hixson did not commit clear error in denying respondents' motion to quash. I AFFIRM Judge Hixson's order and limit Illumina's subpoenas as described in his order.

Illumina requests that I order immediate production of the responsive documents. Dkt. No. 56 at 18-19. It cites a "pressing need" to receive documents for purposes of the Swiss Action, but due to the COVID-19 pandemic, this need has become less pressing. Dkt. No. 56 at 19; Dkt. No. 59 (stating that deadline in Swiss Action was pushed back due to pandemic). The parties shall meet and confer to identify a reasonable schedule for document production that will account for

9

the time needed for respondents to review the responsive documents the respondents have in their possession, the needs of the foreign cases, and the ongoing COVID-19 epidemic.

**IT IS SO ORDERED.**

Dated: April 7, 2020



William H. Orrick
United States District Judge