| | |
|---|---|
| **Folkman LLC**<br>Theodore J. Folkman (*pro hac vice*)<br>ted@folkman.law<br>PO Box 116<br>Boston, MA 02131<br>Tel: (617) 646-9980<br><br>**Hecht Partners LLP**<br>Minyao Wang (*pro hac vice*)<br>mwang@hechtpartnersllp.com<br>20 West 23rd St Fifth Floor<br>New York, NY 10010<br>Tel: (212) 851-6821<br><br>**Weil, Gotshal & Manges LLP**<br>Edward R. Reines (SBN 135960)<br>edward.reines@weil.com<br>Derek C. Walter (SBN 246322)<br>derek.walter@weil.com<br>Silicon Valley Office<br>201 Redwood Shores Parkway<br>Redwood Shores, CA 94065<br>Tel: (650) 802-3000<br><br>*Attorneys for Applicant Illumina Cambridge Ltd.* | **Arnold & Porter Kaye Scholer LLP**<br>Katie J.L. Scott (S.B.N. 233171)<br>katie.scott@arnoldporter.com<br>Joshua Seitz (Cal Bar No. 325236)<br>joshua.seitz@arnoldporter.com<br>3000 El Camino Real<br>Building 5, Suite 500<br>Palo Alto, California 94306<br>Tel: (650) 319-4500<br><br>**Arnold & Porter Kaye Scholer LLP**<br>Matthew M. Wolf (admitted pro hac vice)<br>matthew.wolf@arnoldporter.com<br>Jennifer Sklenar* (Cal. Bar. No. 200434)<br>jennifer.sklenar@arnoldporter.com<br>601 Massachusetts Ave, NW<br>Washington, DC 20001-3743<br>Telephone: (202) 942-5000<br><br>*Admitted in NY and CA only; practice limited to matters before federal courts and federal agencies<br><br>*Attorney for Respondents BGI Americas Corp., MGI Americas, Inc. and Complete Genomics, Inc.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re APPLICATION OF ILLUMINA CAMBRIDGE LTD. for issuance of subpoenas under 28 U.S.C. § 1782 | Civ. A. No. 19-mc-80215-WHO-TSH<br><br>**JOINT STATEMENT ON DISCOVERY DISPUTE** |

Pursuant to Rule 4 of this Court's Standing Order for Civil Cases, the parties respectfully submit this joint statement regarding a dispute over this Court's April 7, 2020 Order. The parties met and conferred twice by phone. They are at an impasse.

**ILLUMINA CAMBRIDGE'S POSITION**

After rejecting the Respondents' appeal from Judge Thomas Hixson's denial of their motion to vacate, the Court ordered the parties to meet and confer to set a schedule for production that "will account for the time needed for respondents to review the responsive documents the respondents have in their possession, the needs of the foreign cases, and the ongoing COVID-19 epidemic." (ECF 61 at 9-10). As the Court knows (ECF 59), the deadline for production of evidence in the Swiss Proceedings is May 11.[1] By then, Illumina Cambridge must submit evidence relating to which BGI Entities are selling, importing, offering, supplying, or otherwise dealing in BGI Sequencers in Switzerland, which models are sold, imported, or offered, and the sales volume. This information is responsive to Topics 1-3 of the subpoena for documents (ECF 1 at 45), and the corresponding topics of the subpoena for testimony (ECF 1 at 12-13). The Respondents have had the subpoenas since early September 2019, almost eight months ago. The Court should compel them to produce the responsive documents and testimony on these discrete and limited issues by May 4.

The Court has already held that the Respondents "are obligated to produce any responsive documents that they controlled by virtue of their parent-subsidiary relationship with MGI Tech prior to October 2019." (ECF 61 at 8). But the Respondents have nevertheless refused to produce documents in the possession of MGI Tech, which was, as the Court recognized (ECF 61 at 7), CGI's wholly owned indirect subsidiary when CGI had notice of Illumina's proposed subpoena and was under an obligation to retain responsive documents.

In a meet and confer on April 16, Illumina Cambridge indicated that documents responsive to BGI's commercial dealings in Switzerland were a priority for production.

---

[1] The Respondent's counsel expressed uncertainty, during the conference, about whether May 11 is in fact a strict deadline. Illumina Cambridge understands that it *might* be possible to submit evidence later, though there is no case law that gives guidance about whether it would be possible on the facts of this case. Moreover, when asked whether counsel for the Swiss defendants would assent to a late submission, counsel declined to answer substantively.

During a second meet and confer on April 24, Illumina Cambridge requested, in light of the imminent Swiss court deadline, immediate production of documents related to the sale of, and other dealings in, the infringing products in Switzerland, as outlined above. The Respondents asserted that CGI may not have any responsive documents, though incredibly, they acknowledged they have not yet done a significant search (they offered to negotiate terms for a search but expressed doubt about whether CGI would have the information Illumina Cambridge needs). When asked whether CGI had even requested responsive documents from MGI Tech, counsel simply stated that counsel represents both entities and that MGI Tech is unwilling to provide responsive documents. The Respondents disclaimed any obligation to produce documents in the possession of MGI Tech, arguing that CGI did not have access to MGI Tech's databases.

This position was squarely rejected by the Court[2] and it is inconsistent with the law. "A corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls." *United States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989); s*ee also In re ATM Fee Antitrust Litig.*, 233 F.R.D. 542, 544 (N.D. Cal. 2005) (under "Rule 34, a parent company has control of documents in the custody and possession of its wholly owned subsidiary"); *Ethypharm S.A. France v. Abbott Labs.*, 271 F.R.D. 82, 93 (D. Del. 2010) ("it is no defense to claim that the information is within the possession of a wholly owned subsidiary, because such a corporation is owned and controlled" by a party); *Silver v. Tenet Health Care Corp.*, 2010 WL 11444064 at *3 (S.D. Fla. Aug. 6, 2010) (collecting cases). The way BGI and its affiliates chose to structure their database access as a technical matter is irrelevant.

In addition, it is difficult to credit CGI's assertion that it may not have relevant and responsive information, given that Avanindra Chaturvedi, CGI's CFO, participated in the instructional hearing for the Swiss proceedings on behalf of the named defendant, Latvia MGI Tech SIA. If the Respondents do not produce the responsive documents by May 4, the

---

[2] As this Court held, the Respondents' "responsibility to produce documents and information in their possession didn't end just because CGI and MGI Tech swapped places after this § 1782 application was filed." ECF 6 at 8 (citing ECF 42 at 18).

Court should require them to make Mr. Chaturvendi, who apparently lives in California, available for a videoconference deposition on or before May 8 on the topics listed above.

Illumina Cambridge respectfully requests expedited consideration of this dispute.

**RESPONDENTS' POSITION**

The dispute here relates to the parties' interpretation of the Court's April 7, 2020 Order. *See* ECF 61. Illumina relies on one statement of the Order that it contends mandates Respondents to obtain documents from MGI Tech that Respondents neither possessed nor had access to over shared sources of information. But that interpretation is inconsistent with multiple passages of the April 7, Order: "***No respondent need produce*** non-responsive information, such as information that is beyond the temporal scope of the subpoenas or that relates to sales in countries not requested here, ***or information that it does not possess***." ECF 61 at 8 (emphasis added); *see also* ECF 61 at 8 ("Respondents must also produce any information that they are able to access over 'shared servers, databases, or drives having documents or information potentially responsive to IC's subpoenas.' Dkt. No. 42 at 15. Respondents object that the shared servers are limited to their business in North and South America. Dkt. No. 53 at 19. ***To the extent that is true, they do not possess responsive information and therefore need not produce it.***" (emphasis added)); ECF 61 at 9-10 ("The parties shall meet and confer to identify a reasonable schedule for document production that will account for ***the time needed for respondents to review the responsive documents the respondents have in their possession***, the needs of the foreign cases, and the ongoing COVID-19 epidemic." (emphasis added)).

Despite the Court's Order, Illumina's present demand is not limited to documents that are in Respondent's possession now or as of October 2019 or that it could access over "shared servers, databases, or drive." ECF 61 at 8. Instead, Illumina attempts to rewrite the Court's Order as holding that CGI must produce any of MGI Tech's responsive documents that existed prior to October 2019, regardless of whether CGI ever had possession of, or access to those documents. As CGI has repeatedly explained, MGI Tech and CGI are separate legal entities and CGI does not have possession or actual control of MGI Tech's

documents, nor did it have such possession or actual control of MGI Tech's documents prior to October 2019 with one exception.

The sole exception to CGI's lack of access or possession relates to a portion of MGI Tech's Oracle database that contains some MGI Tech financial information from 2016–2018. *See* ECF 23 at ¶10. As explained to Illumina during the meet and confer on April 24, CGI has already searched this Oracle database, including the portion of MGI Tech's database that CGI has access to (and had access to in October 2019), for potentially responsive financial information, including the Swiss commercial information presently at issue. However, that search came up empty. The only sales information for MGI Tech relates to sales between MGI Tech and CGI (in the United States) or between MGI Tech and its Asian affiliates. There was no sales data responsive to Illumina's requests related to the countries at issue in this Action.

Notwithstanding the fact that Respondents already conducted a reasonable search of the Oracle database for the requested information (including the information that Respondents had access to prior to October 2019), Respondents offered during the meet and confers to conduct an additional search of some limited number of document custodians based upon negotiated search terms, even though a search for such one-off documents is burdensome and not likely to reveal the kind of country-specific sales information that Illumina is seeking. Illumina refused to engage in a discussion of this additional search, instead insisting that Respondents must obtain documents directly from MGI Tech even if Respondents never had access to or possession of those documents.

This is beyond the scope of the Court's Order, as explained above. Indeed, while the Court's Order does not permit CGI to use the reorganization in October 2019 as a reason not to produce documents that it had "access" to at that time, it did not mandate that CGI produce MGI Tech's documents that CGI has never had access to. *See* ECF 61 at 8.

The Court also expressly rejected Illumina's demands for immediate production and ordered the parties to "meet and confer to identify a reasonable schedule for document production that will account for the time needed for respondents to review the responsive

documents that the respondents have in their possession, the needs of the foreign cases, and the ongoing COVID-19 epidemic." ECF 61 at 10. Yet, Illumina ignores that Respondents have already searched the most appropriate source for any Swiss-related commercial documents that they may have had access to and unreasonably demands that Respondents collect, search, review, and produce documents from MGI Tech *immediately*.

In spite of Illumina's unreasonable demands, Respondents have been working to fulfill their obligations under the Court's Order as described above and will continue to do so. If Illumina is unwilling to participate in a discussion about the number of custodians and search terms, Respondents will select them and endeavor to have its search and any production of documents relating to Swiss commercial issues completed by May 6 and the remaining productions completed by May 27.

In terms of Illumina's contingent deposition request, Respondents will meet and confer with Illumina to determine if it requires the deposition after Respondents complete each of their productions. It should be noted, however, that Illumina appears to be asking the Court to order Respondents to produce Mr. Chaturvedi as a 30(b)(6) witness, merely because he attended a Swiss proceeding. While Mr. Chaturvedi may well be a witness designated by Respondents, Illumina cites no authority that permits it to mandate Respondents' 30(b)(6) designees. Moreover, to the extent that Illumina is requesting that Respondents make their 30(b)(6) deponents available more than once (*e.g.*, now and after document production is complete), such request should be denied as unreasonably burdensome on Respondents.

Dated: April 29, 2020

Respectfully submitted,

/s/ Minyao Wang

**Folkman LLC**
Theodore J. Folkman (*pro hac vice*)
ted@folkman.law
PO Box 116
Boston, MA 02131
Tel: (617) 219-9664

**Hecht Partners LLP**
Minyao Wang (*pro hac vice*)
mwang@hechtpartners.com
20 West 23rd St Fifth Floor
New York, NY 10010
Tel: (212) 851-6821

*Attorney for Applicant Illumina Cambridge Ltd.*

/s/ Katie J.L. Scott

**Arnold & Porter Kaye Scholer LLP**
Katie J.L. Scott (S.B.N. 233171)
3000 El Camino Real
Building 5, Suite 500
Palo Alto, California 94306

*Attorney for Respondents BGI Americas Corp. MGI Americas, Inc. and Complete Genomics Inc.*

**ATTESTATION:** Pursuant to Rule 4 of the Standing Order of this Court, I hereby certify that I met and conferred by phone on April 16, 2020 and April 24, 2020 with Katie Scott, counsel to the Respondents. We are at an impasse.

Pursuant to Local Rule 5-1(i)(3) I hereby attest that concurrence in the filing of this document has been obtained from Katie Scott, counsel to the Respondents.

By: /s/ Minyao Wang
Minyao Wang